J-S75003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VALENCIA LAWRENCE | |
| Appellant | No. 1822 EDA 2013 |

Appeal from the Judgment of Sentence May 9, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007521-2010

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED JANUARY 20, 2015**

Appellant, Valencia Lawrence, appeals from the May 9, 2013 aggregate judgment of sentence of five to ten years' imprisonment, plus ten years' probation, imposed after Appellant entered an open guilty plea to one count each of aggravated assault and endangering the welfare of a child (EWOC).[1]  After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows.  On June 29, 2010, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses, as well as one count each of criminal conspiracy, recklessly endangering another person, and two

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 4304(a)(1), respectively.

counts of simple assault.[2] On December 19, 2012, Appellant entered an open guilty plea to one count each of aggravated assault and EWOC. The remaining charges were *nolle prossed*. On May 9, 2013, the trial court imposed an aggregate sentence of five to ten years' imprisonment, plus ten years' probation.[3] The trial court sentenced Appellant *in absentia* as Appellant had failed to appear for sentencing on numerous occasions. On May 15, 2013, Appellant filed a timely motion for reconsideration of sentence, which the trial court denied on May 20, 2013. On June 19, 2013, Appellant filed a timely notice of appeal.

On appeal, Appellant raises three issues for our review.

> [1]. Whether th[e] trial court erred in sentencing Appellant without obtaining a pre-sentence investigation report [(PSI)] and a mental health evaluation [(MHE)] prior to sentencing [A]ppellant *in absentia*[?]
>
> [2]. Whether the sentence imposed upon Appellant was excessive and made without consideration and/or reference to the applicable sentencing guidelines[?]
>
> [3]. Whether the trial court committed an abuse of discretion in vindictively sentencing [A]ppellant to

---

[2] 18 Pa.C.S.A. §§ 903(a)(1), 2705, 2701(a)(1), and 2701(b)(2), respectively.

[3] Specifically, the trial court sentenced Appellant to five to ten years' imprisonment, plus ten years' probation for aggravated assault, and three-and-one-half to seven years' imprisonment for EWOC. The periods of incarceration were to run concurrently to each other, but the probationary period was to run consecutive to the imprisonment term.

the mandatory minimum sentence and maximum sentencing allowable under the law for her failing to appear at sentencing on seven (7) separate occasions and ultimately sentencing her *in absentia*, despite an agreement on the record that the Commonwealth would not be invoking the mandatory minimum at sentencing[?]

Appellant's Brief at 5.[4]

At the outset, we note that Appellant's issues on appeal pertain to the discretionary aspects of her sentence. It is axiomatic that in this Commonwealth "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, --- A.3d ---, 403 MAL 2014 (Pa.

---

[4] Appellant's brief also contains the issue as to whether this Court should remand this case for the filing of a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), as prior counsel did not file one when the trial court ordered her to do so. Appellant's Brief at 5. However, on May 30, 2014, this Court provided this relief in an order remanding this case for the filing of a Rule 1925(b) statement and a supplemental Rule 1925(a) opinion. Superior Court Order, 5/30/14, at 1. Our order also vacated the briefing schedule and directed the Prothonotary to establish a new briefing schedule when the certified record was returned to this Court. ***Id.*** On June 2, 2014, Appellant filed his Rule 1925(b) statement, and the trial court filed its supplemental opinion on July 16, 2014. Nevertheless, as Appellant's Rule 1925(b) statement lists the same issues previously included in his first brief, we decline to order further supplemental briefing in this case.

2014). "Rather, an [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014).

In the case *sub judice*, we note that Appellant filed a timely notice of appeal. We further observe that Appellant has included a Rule 2119(f) statement in her brief. Appellant also filed a timely motion for reconsideration of sentence in the trial court. Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Instantly, Appellant's Rule 2119(f) statement avers that the trial court's sentence "was excessive, made without any reference to the factors to be taken into consideration at the time of sentencing and failed to articulate the reason for the sentence other than [Appellant]'s failure to appear at sentencing." Appellant's Brief at 13-14. Appellant also argues that the trial court erred in sentencing Appellant "without the benefit of a [PSI] and a mental health evaluation [MHE] prior to sentencing Appellant *in absentia*." *Id.* at 14. Finally, Appellant argues that the trial court imposed a "vindictively" high sentence, equivalent to the mandatory minimum sentence that could have been sought by the Commonwealth, because Appellant did not appear for sentencing. *Id.*

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *See Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

As noted above, Appellant argues the trial court erred in sentencing Appellant "without the benefit of a [PSI] and a [MHE] prior to sentencing Appellant *in absentia*." Appellant's Brief at 14. This Court has held that the trial court's dispensation with the preparation of a PSI raises a substantial question. *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted). The same is true with a trial court's failure to order a [MHE]. *Commonwealth v. Hill*, 66 A.3d 365, 369 n.4 (Pa. Super. 2013). In addition, we have stated that a failure to consider the required sentencing factors under 42 Pa.C.S.A. § 9721(b) raises a substantial question. *See, e.g.*, *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (stating, "to the extent that [Appellant]'s claim impugns the trial court's failure to offer specific reasons for the sentence that comport with the considerations required in section 9721(b) … we conclude that it raises a substantial question of the court's justification in extending Coulverson's standard range sentences to the statutory maximum[]"). Finally, we observe that an argument alleging the trial court considered an improper factor, raises a substantial question for our review. *Commonwealth v. Dowling*, 990 A.2d 788, 792 (Pa. Super. 2010). As a result, we grant Appellant's petition for permission to appeal the discretionary aspects of her sentence, and we proceed to address the merits of Appellant's claims.

We begin by noting our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be

- 6 -

disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted).

We first address Appellant's argument that the trial court failed to order a PSI or MHE before imposing sentence. Appellant's Brief at 15. The preparation of these two documents is governed by Pennsylvania Rule of Criminal Procedure 702, which provides in relevant part, as follows.

**Rule 702. Aids in Imposing Sentence**

**(A) Pre-sentence Investigation Report**

(1) The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.

(2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

(a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;

(b) when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or

> (c) when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.
>
> (3) The pre-sentence investigation report shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence.
>
> (4) The pre-sentence investigation report shall also include a victim impact statement as provided by law.
>
> **(B) Psychiatric or Psychological Examination.** After a finding of guilt and before the imposition of sentence, after notice to counsel for both parties, the sentencing judge may, as provided by law, order the defendant to undergo a psychiatric or psychological examination. For this purpose the defendant may be remanded to any available clinic, hospital, institution, or state correctional diagnostic and classification center for a period not exceeding 60 days.

Pa.R.Crim.P. 702.

> [While case law does not] require that the trial court order a pre-sentence investigation report under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source. Our cases establish, as well, that the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 726 (Pa. Super. 2013),

*quoting* *Commonwealth v. Goggins*, 748 A.2d 721, 729 (Pa. Super. 2000)

(*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

> Although Rule 702(A)(2) provides the requirement to document the reasons for not ordering a pre-sentence report is mandatory, in [**Commonwealth v. Flowers**, 950 A.2d 330 (Pa. Super. 2008)]*, this Court made clear that sentencing courts have some latitude in how this requirement is fulfilled. Citing to **Goggins**, we stated that "technical noncompliance with the requirements of Rule 702(A)(2) might have been rendered harmless had the court elicited sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision[.]" [**Id.**] at 333 (citation omitted).

**Carrillo-Diaz**, **supra** at 726-727.

In the case *sub judice*, the trial court noted that prior to sentencing it had ordered a PSI and MHE. N.T., 5/9/13, at 17. However, the trial court also stated that because Appellant was voluntarily absent from the appointments required to assist in their preparation, the PSI and MHE were not prepared. **Id.** We note that, in her brief, Appellant does not challenge the trial court's sentencing her *in absentia*. Appellant's voluntary choice to not appear for sentencing resulted in no fewer than five continuances granted by the trial court.[5] In our view, the trial court was not required to grant further continuances of sentencing in the hope that Appellant would eventually assist in the preparation of a PSI and MHE for her sentencing hearing. Additionally, at the May 9, 2013 sentencing hearing, despite

---

[5] Appellant's motion for reconsideration of sentence acknowledges that she failed to appear "for the listing of January 7, 2013, and subsequently failed to appear for listings of January 30, February 26, March 26, May 1, and May 9, 2013." Motion for Reconsideration of Sentence, 5/15/13, at ¶ 3.

Appellant's absence, defense counsel communicated with the trial court concerning Appellant's family history, her children, her family history of post-partum depression and diabetes. *Id.* at 18-19. Defense counsel also had certain mental health records read into the record at sentencing, pertaining to Appellant's suicide attempts at age 19, and complaints of sleeping and eating disorders. *Id.* at 20. The Commonwealth also recounted the facts and circumstances of the offense to the trial court. *Id.* at 22-28. The record reveals that the trial court substantially considered the required information. Based on these considerations, we conclude the trial court did not abuse its discretion in sentencing Appellant without a PSI or MHE. *See Carrillo-Diaz*, *supra*. As a result, Appellant is not entitled to relief on this argument. *See Raven*, *supra*.

Next, Appellant argues that the trial court abused its discretion by imposing sentence without considering the required factors under Section 9721(b) and the sentencing guidelines. Appellant's Brief at 20. Section 9721(b) addresses the factors that a sentencing court must consider, and provides in relevant part, as follows.

**§ 9721. Sentencing generally**

…

**(b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on

the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or [s]tate intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 … the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence for resentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b). We note that "a sentencing judge may satisfy requirement of disclosure on the record of his reasons for imposition of a particular sentence without providing a detailed, highly technical statement." *Commonwealth v. Hunzer*, 868 A.2d 498, 514 (Pa. Super. 2005) (citation omitted), *appeal denied*, 880 A.2d 1237 (Pa. 2005).

In this case, the trial court gave the following reasons before imposing sentence.

This is one of those unfortunate situations, assuming the [trial c]ourt would have liked to have heard more

- 11 -

and to have heard from [Appellant]. Particularly given the zero prior record score, the whole dynamic of the other children being favored and this child seeming to be dis-favored [sic] and put in danger by both defendants. So it is an unfortunate situation that [the trial court does not] have the complete picture.

But what I do have speaks to a young woman who abused this child, put this child in danger, possibility of even death if these injuries had not been discovered at the time that they were. Again, not understanding how either of the defendants could have let this go on. Even the grandmother who claims to have just been absent and didn't know. But given doctor's testimony about the smell and all of that, it just seems, how could you miss that? And most certainly [Appellant]'s behavior since she pled guilty.

So it's a sad situation because most certainly there are things that counsel could have argued on her behalf. Studies that could have been conducted to see what was going on with her. But she voluntarily absented herself from that. So we're left with what we have.

N.T., 5/9/13, at 29-30. The trial court's analysis was made with the benefit of defense counsel's submissions to the trial court regarding Appellant's family history, her children, her family history of post-partum depression and diabetes. *Id.* at 18-19. The trial court also stated that it did consider the sentencing guidelines. Trial Court Opinion, 7/16/14, at 4. In our view, this substantially complies with Section 9721(b). As the trial court adequately stated its reasons for its sentence on the record, Appellant is not entitled to relief on this issue.

In her final argument, Appellant avers that the trial court vindictively imposed a higher sentence *in absentia* because Appellant did not appear for sentencing.[6] Appellant's Brief at 24. Specifically, Appellant likens her argument to one raised in **North Carolina v. Pearce**, 395 U.S. 711 (1969). In **Pearce**, the Supreme Court held that the Due Process Clause is violated "[w]here … an original conviction has been set aside because of a constitutional error, [and] the [trial court imposes] … a [higher] punishment, [to] 'penalize[e] those who choose to exercise' constitutional rights[.]" **Id.** at 724.

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

**Id.** at 725.

---

[6] To the extent that Appellant argues that the trial court imposed a mandatory minimum sentence under Section 9718(a)(2) of the Sentencing Code, we note that the record confirms the Commonwealth agreed, as part of the plea agreement, not to seek said mandatory minimum. N.T., 5/9/13, at 15. We further note that the Commonwealth did not file a notice that it was requesting a mandatory minimum sentence, nor did the trial court at any time purport to rely on such a statute in imposing sentence. **See** Trial Court Opinion, 7/16/14, at 4 (stating, "the sentence was not vindictive[]").

In this case, Appellant was not exercising any constitutional right as Appellant does not have any right, constitutional or otherwise, to fail to appear for sentencing. We also note that Appellant's characterization of the trial court imposition of sentence as "vindictive" due to her failure to appear for sentencing is belied by the record. As noted above, the trial court's references to Appellant's failure to appear, when taken in the appropriate context, reveal disappointment, rather than anger or vindictiveness, that the trial court was not able to hear more from Appellant during the sentencing process. *See generally* N.T., 5/9/13, at 29-30. Therefore, we conclude the trial court did not abuse its discretion. *See Raven*, *supra*.

Based on the foregoing, we conclude that all of Appellant's issues on appeal are devoid of merit. Accordingly, the trial court's May 9, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2015